UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIP LONDON (#111227)

VERSUS                                              CIVIL ACTION

DEPT. OF CORRECTIONS, ET AL                         NUMBER 14-362-SDD-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, June 25, 2014.

                                        STEPHEN C. RIEDLINGER
                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIP LONDON (#111227)

VERSUS                                                    CIVIL ACTION

DEPT. OF CORRECTIONS, ET AL                               NUMBER 14-362-SDD-SCR

**MAGISTRATE JUDGE'S REPORT**

Pro se plaintiff, an inmate confined at Richland Parish Detention Center, Rayville, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the Louisiana Department of Public Safety and Corrections, Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc and Franklin Parish Detention Center Warden Chad Lee.

**I. Background**

Plaintiff was convicted of armed robbery on September 26, 1985. Plaintiff alleged that on April 27, 1997, he was credited with earned good time and was released from custody as if on parole. Plaintiff alleged that his parole was subsequently revoked and the revocation of his good time parole resulted in his return to prison for the remainder of the original full term of his armed robbery sentence. LSA-R.S. 15:571.5(C). Plaintiff alleged that his full term release date is now September 17, 2021.

Plaintiff alleged that he filed Administrative Remedy

Procedure (hereafter "ARP") HDQ-2009-1850 in which he apparently challenged his sentence computation and requested that he be re-credited with good time credits earned prior to his 1997 release and/or for time spent while on good time parole.[1] Plaintiff's ARP was denied at the Second Step of the procedure and he sought judicial review in the Nineteenth Judicial District Court for the Parish of East Baton Rouge. The district court dismissed the complaint with prejudice and the plaintiff appealed. The Louisiana First Circuit Court of Appeal affirmed. *Kip London v. Louisiana Department of Corrections*, No. 2012-1718, 2013 WL 2423890 (La. App. 1st Cir. June 3, 2013). Plaintiff sought review in the Louisiana Supreme Court, which denied review. *Kip London v. Louisiana Department of Corrections*, No. 2013-1922, 135 So.3d 610 (La. 3/21/14).

In his Complaint filed in this court, on a form for claims brought pursuant to 42 U.S.C. § 1983, the plaintiff sought reversal of the Louisiana Supreme Court decision in *Kip London v. Louisiana Department of Corrections*, reinstatement of previously earned good time credits and perhaps monetary damages.[2]

---

[1] Plaintiff attached as exhibits to the Complaint copies of the Second Step Response to ARP HDQ-2009-1850 and a copy of the Louisiana Supreme Court decision denying writs in *Kip London v. Louisiana Department of Corrections*. Record document number 1-1, pp. 1 and 2, respectively.

[2] Record document number 1, p. 5. Plaintiff prayed for "all costs" to be assigned to the defendants.

## II. Applicable Law and Analysis

**A. Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

**B. Federal Review of State Decisions**

Plaintiff sought to appeal the decisions of the state courts regarding the judicial review of his ARP.

The jurisdiction of the federal courts is established by the Constitution and by federal statute. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). Federal district courts "lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Id.* (referring to *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303 (1983)) (other citations omitted). Parties may not obtain federal review of state decisions merely by recasting an appeal as a civil rights claim. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

**C. Good Time Credits**

When a prisoner is released because of a reduction of his sentence, "he shall be released as if released on parole." LSA-R.S. 15:571.5(A)(1). If a person's parole is revoked for a violation of the terms of parole, the person shall be recommitted to the department of corrections "for the remainder of the original full term." *Id.* at 15:571.5(C); *see Howard v. Louisiana Bd. Of Probation and Parole*, 589 So.2d 534, 534-36 (La. App. 1991), *writ denied*, 590 So.2d 87 (La. 1991); *see also Bancroft v. Louisiana Dept. of Corrections*, 635 So.2d 738, 740 (La. App. 1994). There is

4

no federal constitutional right to the reduction of a sentence of a parole violator for time spent on parole. *See Morrison v. Johnson*, 106 F.3d 127, 129 n. 1 (5th Cir. 1996); *Newby v. Johnson*, 81 f.3d 567, 569 (5th Cir. 1996), cited in *Ferguson v. Louisiana Department of Public Safety and Corrections Board of Parole*, 218 Fed.Appx. 355 (5th Cir. 2007)(unpublished).

Plaintiff's claims regarding the forfeiture of good time credits must initially be pursued through habeas corpus since it challenges the duration of confinement, the resolution of which may entitle him to immediate or early release. *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112 (5th Cir. 1987). Plaintiff's sole federal remedy to challenge the fact or duration of his confinement is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973).

Unless he can demonstrate that a state court or other authorized tribunal has determined that previously earned good time credits were improperly forfeited, he has no claim for damages against any defendant that is cognizable under § 1983. *See*, *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994) (in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

5

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus).

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law and the allegations fail to state a claim, the complaint should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Baton Rouge, Louisiana, June 25, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE